**RONG ZHUO NI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–1875–ag.

United States Court of Appeals, Second Circuit.

June 29, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Sean Corkery and John J. Durham, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Rong Zhuo Ni petitions for review of the BIA's March 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Gabriel C. Videla's order denying the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d

155, 158 (2d Cir.2004). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's determination that the petitioner is not credible, and thus that the petitioner's asylum claim is not supported by substantial evidence, is supported by the record. In his 1992 application, petitioner gave a detailed account of why he had to flee China because of his involvement in the June 4th movement. Ni claimed that because the government wanted to arrest him, he had to go into hiding to avoid jail. On direct examination, Ni was asked by his lawyer: "Why did you leave China at that time?" Ni's response made no mention whatsoever of his involvement with the June 4th movement, as he had first written in 1991; it focused exclusively on his family planning claim. It was reasonable for the IJ to have expected that Ni, in response to his own attorney's open-ended question, would have stated both reasons he had previously given for seeking asylum, not just the one based on the alleged forced sterilization, particularly when Ni claimed in 1991 that he had gone into hiding and was trying to avoid arrest for his political activities. In his 1991 asylum application, Ni alludes to discrimination based on his family's size, and thus raises the family planning issue as a reason for seeking asylum. It was not unreasonable, therefore, for the IJ to question why, if Ni were going to mention family planning issues at all, he did not at least allude to the torture he claims to have undergone when he was allegedly sterilized. The IJ could properly consider this omission as bearing on Ni's credibility.

In addition, there were significant discrepancies between Ni's 1999 affidavit, where he said that he was taken to the cadre's house for his alleged sterilization, and Ni's direct testimony before the IJ about being taken to a hospital. The IJ was also entitled to consider the fact that when Ni went for his urologic exam at NYU School of Medicine, Ni's doctor reports that Ni did not give him "specific details" of the alleged sterilization procedure he had undergone.

Although the IJ engaged in speculation on some other points bearing on the petitioner's credibility—namely, the fact he and his wife had not conceived another child, the level of pain Ni may have felt during the sterilization procedure, and the Chinese government's motivation to conduct painless vasectomies—we conclude, nonetheless, that substantial evidence supports the IJ's adverse credibility determination and that notwithstanding those errors, we can "state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen v. U.S. Dept. of Justice,* 434 F.3d 144, 161 (2d Cir.2006); *see also Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005).

Because Ni failed to argue his withholding of removal and CAT claims before the BIA, he failed to exhaust his remedies with respect to those claims, and this Court lacks jurisdiction to review them. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).